UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL PATRICK JOLIVETTE,<br><br>Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF SOLANO COUNTY, et al.,<br><br>Respondents. | Case No. 2:25-cv-0180-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Petitioner Paul Patrick Jolivette, a state prisoner proceeding without counsel, seeks a writ of habeas corpus pursuant to section 2254. This petition, like its predecessor, is deficient because it is substantively unintelligible and is time-barred, attacking a conviction finalized in 2005. I have already given petitioner a chance to amend, and he is no closer to asserting a viable federal habeas claim. Accordingly, I now recommend that the petition be dismissed without leave to amend.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

1

The petition fails to state any intelligible, cognizable habeas claim.[1] Petitioner alleges that he was charged with an "ineffective and defective" felony complaint. ECF No. 9 at 10. He never offers any cogent theory as to how the felony complaint was violative of federal law and, instead, vaguely asserts that criminal judgment against him is void. *Id.* at 12. I have done my best to understand the allegations being raised, but the lack of particulars renders them substantively incomprehensible. For instance, a claim that "[r]espondents failed to perform in accordance to the Stipulated Contractual Agreement" is not a recognizable federal habeas claim. Moreover, even if these claims had any substance, the conviction they attack was finalized two decades ago. *Id.* at 1. The Anti-Terrorism and Effective Death Penalty Act imposes a one-year statute of limitations for federal habeas petitions by state prisoners. *See* 28 U.S.C. § 2244(d)(1). Thus, any claims are untimely, and there is no indication that twenty years of tolling is a realistic possibility.

Plaintiff has already been afforded an opportunity to amend, and he is no closer to stating a timely, cognizable claim.

Accordingly, it is hereby ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that:

1. The operative petition, ECF No. 9, be DISMISSED without leave to amend for failure to state a cognizable federal habeas claim.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See*

---

[1] Including attached exhibits, the petition also runs to two-hundred and thirty pages, making it difficult for the reader to discern what or how many claims are at issue.

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 23, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE