UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL PATRICK JOLIVETTE,<br>Petitioner,<br>v.<br>SUPERIOR COURT OF SOLANO COUNTY, et al.,<br>Respondents. | No. 2:25-cv-00180-DAD-JDP (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITIONER'S SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS WITHOUT FURTHER LEAVE TO AMEND, DENYING PETITIONER'S MOTION TO RECUSE, AND DENYING PETITIONER'S REMAINING MOTIONS AS MOOT</u><br><br>(Doc. Nos. 10, 13, 14, 17, 18, 23) |

Petitioner Paul Patrick Jolivette is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 23, 2025, the assigned magistrate judge issued findings and recommendations recommending that petitioner's second amended petition for writ of habeas corpus (Doc. No. 9) be dismissed without further leave to amend. (Doc. No. 10.) Specifically, the magistrate judge found that petitioner's claim that he was charged with an "ineffective and defective felony complaint" appeared to assert that the state criminal judgment against him is void, but failed to

state any cognizable habeas claim that the felony complaint violated federal law. (*Id.* at 2.) Moreover, the magistrate judge noted that, even if the difficult to decipher allegations made in petitioner's second amended petition could state some cognizable claim, petitioner's conviction became final 20 years ago and that any such claims are accordingly untimely pursuant to the Anti-Terrorism and Effective Death Penalty Act. (*Id.*) The pending findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id.* at 2.) Petitioner has since that date filed several documents, including a motion for the undersigned to recuse himself from presiding over this action (Doc. No. 17), multiple motions for summary judgment (Doc. Nos. 13, 18), requests for the issuance of a writ of mandate (Doc. Nos. 14, 19), requests for writ of execution (Doc. Nos. 24, 27), and a third amended petition (Doc. No. 15). The court will address the motion for recusal and construe the third amended petition as petitioner's objections to the pending findings and recommendations.

Petitioner's motion for recusal is difficult to understand. It appears that petitioner asserts that he has sought a judgment in his favor against the United States District Court for the Eastern District of California, but fails to identify any purported case in which he did so. (Doc. No. 17 at 6.) The court cannot identify any conflict of interest which would warrant the undersigned's recusal from presiding over this action. Accordingly, the court will deny petitioner's motion for recusal.

On October 3, 2025, petitioner filed a third amended petition for writ of habeas corpus. (Doc. No. 15.) This third amended petition appears to state largely the same grounds for relief as presented in petitioner's prior second amended petition. (*Compare* Doc. No. 9 at 4–5 *with* Doc. No. 15 at 4–5.) To the extent that the third amended petition is not duplicative of the petition the magistrate judge concluded was deficient, it is largely incomprehensible and appears to assert that petitioner's state court criminal judgment of conviction is void based on a breach of contract claim. (Doc. No. 15 at 42–55.) This assertion is without merit and fails to address the magistrate judge's finding that any conceivable habeas claim petitioner could state would be time barred

/////

under the AEDPA statute of limitations. The third amended petition therefore does not provide any basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

For the reasons explained above,

1. The findings and recommendations issued on June 23, 2025 (Doc. No. 10) are ADOPTED IN FULL;
2. Petitioner's operative second amended petition for writ of habeas corpus (Doc. No. 9) is DISMISSED without further leave to amend;
3. Petitioner's motion for recusal (Doc. No. 17) is DENIED;

/////

/////

/////

/////

4. Petitioner's motions for summary judgment (Doc. Nos. 13, 18), request for writ of mandate (Doc. No. 14), and motion for entry of default (Doc. No. 23) are DENIED as having been rendered moot by this order; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **July 27, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE